UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDY LEVINE,<br>  *Petitioner*, | ) CASE NO. 3:23-cv-1092 (KAD)<br>)<br>) |
| v. | )<br>) |
| RICK STOVER,<br>  *Respondent*. | ) APRIL 3, 2024<br>) |

**MEMORANDUM OF DECISION**
**RE: RESPONDENT'S MOTION TO DISMISS (ECF NO. 9)**

Kari A. Dooley, United States District Judge:

  Petitioner Randy Levine ("Levine"), a prisoner confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Levine contends that he was not permitted to earn time credits under the First Step Act ("FSA") during the time he was confined in a different Bureau of Prisons ("BOP") facility on a writ for trial in the Southern District of New York. Petitioner asks this Court to order the BOP to award earned time credits for the period he was held on the writ. Respondent has filed a motion to dismiss on the basis that Petitioner was not eligible to earn time credits for the period he was released on the writ. For the following reasons, the motion to dismiss is GRANTED. (ECF No. 9)

**Standard of Review**

  Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition may be used to challenge the execution of a prison sentence. Accordingly, § 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Before filing a habeas petition pursuant to § 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d

Cir. 2001).[1]

**Facts and Procedural History**

Petitioner was sentenced in his criminal case in the Southern District of Florida on August 31, 2021. He was designated to FCI Danbury and arrived there on November 8, 2021, at which time he began earning FSA time credits. ECF No. 1-1 at 1.

On March 2, 2022, the United States Attorney for the Southern District of New York requested that the U.S. Marshal produce Petitioner for prosecution in that district. Breece Decl., ECF No. 9-2, ¶ 19;[2] Ex. D, ECF No. 9-6. On March 9, 2022, Levine left FCI Danbury in the custody of the U.S. Marshal Service on the writ of habeas corpus *ad prosequendum*. Breece Decl., ECF No. 9-2 ¶ 20; Ex. C, ECF No. 9-5. He returned to FCI Danbury on May 10, 2023, at which time he again began earning FSA time credits. Breece Decl., ECF No. 9-2 ¶¶ 21–22.

**Discussion**

On December 21, 2018, Congress enacted the First Step Act ("FSA"), which was intended to encourage federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs"). Inmates earn time credits upon successful participation in these activities and the time credits qualify the inmates for early release from custody. *See* 18 U.S.C. §§ 3632(d)(4)(C), 3624(g)(1)(A). An inmate "may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk." *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 168836, at *3 (D. Conn. May 25, 2022). Application of the time

---

[1] Respondent has waived the requirement that Petitioner exhaust his administrative remedies before commencing this action. The issue is therefore not further discussed.

[2] The court may take judicial notice of "any written instrument . . . incorporated in the complaint by reference as well as documents upon which the complaint relies and which are integral to the complaint." *Matson v. Board of Educ.*, 631 F.3d 57, 62 (2d Cir. 2011). Petitioner relies on the fact that he was brought by the U.S. Marshal Service to the Southern District of New York and housed at MDC Brooklyn during his trial there. Thus, the Court takes judicial notice of the information contained in the declaration and the exhibits attached thereto. And as discussed, these facts are not in dispute.

credits enables an inmate to be transferred sooner to prerelease custody, either in a residential reentry center, on home confinement, or supervised release. *See* 18 U.S.C. § 3624(g).

There are some situations, however, where an otherwise eligible inmate will not be considered as "successfully participating" in EBRRs or PAs so as to be eligible for FSA time credits. One such situation is the "[t]emporary transfer to the custody of another federal or non-federal government agency (e.g., on state or federal writ, transfer to state custody for service of sentence, etc.)[.]" 28 C.F.R. § 523.41(c)(4)(iii).

Respondent contends that Petitioner was not an eligible inmate between March 9, 2022 and May 10, 2023 because he had been temporarily transferred to the custody of the U.S. Marshal Service on the writ of habeas corpus *ad prosequendum*. Petitioner argues that because he was housed in a BOP facility, he should therefore be considered to have been transferred and designated to MDC Brooklyn for this period.

Petitioner's preference, however, does not alter the fact that for the time he was held on the writ, he was in the custody of the U.S. Marshal Service. Petitioner's Inmate History indicates that he was designated to FCI Danbury on November 8, 2021 and was released on a writ on March 9, 2022. *See* ECF No. 9-5 at 2. From March 9, 2022, until his return and redesignation to FCI Danbury on May 10, 2023, he was classified as a holdover. *Id*. The BOP Program Statement indicates that pretrial detainees and holdover inmates, *i.e*., inmates convicted but not yet sentenced or en route to a designated institution, are considered U.S. Marshal Service inmates and occupy beds in BOP facilities allocated to the U.S. Marshal Service. *See* BOP Program Statement 7331.05, www.bop.gov/policy/progstat/7331.05.pdf (last visited Mar. 11, 2024).  Petitioner was both a pretrial detainee related to charges in the Southern District of New York as well as a sentenced prisoner. Thus, he is designated as a holdover rather than a pretrial detainee. Regardless of the specific term used, it is

undisputed that Petitioner was in the custody of the U.S. Marshal Service from March 9, 2022 through May 10, 2023.

The U.S. Marshal Service is responsible for "[s]ustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence, otherwise released from custody by the court, or returned to the custody of the U.S. Parole Commission or the Bureau of Prisons." 28 C.F.R. § 0.111(k). Petitioner was remanded to U.S. Marshal Service custody by writ of habeas corpus *ad prosequendum* and remained in custody until he was returned to FCI Danbury. *See also* https://www.usmarshals.gov/what-we-do/service-of-process/criminal-process/writ-of-habeas-corpus (last visited Mar. 8. 2024) (U.S. Marshal Service provides for transportation and custody of federal prisoners whose production is commanded for a federal criminal matter). That the U.S. Marshal Service may have contracted to have Petitioner housed in a BOP facility during this time does not alter the fact that he remained in the custody of the U.S. Marshal Service. Accordingly, under the FSA, Petitioner is not considered to be successfully participating in EBPPs or PAs during this time.

An inmate "may earn time credits only for completing programs to which he has been specifically assigned based on his particular recidivism risk." *Milchin v. Warden*, No. 3:22-cv-195 (KAD), 2022 WL 168836, at *3 (D. Conn. May 25, 2022). Petitioner does not allege that he was assigned to any program at MDC Brooklyn based on his recidivism risk. Thus, even if he were considered to be successfully participating in a program, he has not sufficiently alleged that his participation warrants FSA time credits because any programming he undertook was not based on his recidivism risk.

**Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss is GRANTED. (ECF No. 9) The Clerk of the Court is directed to enter judgment for Respondent and close this case. Any appeal from this judgment would not be taken in good faith.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of April 2024.

                                               */s/ Kari A. Dooley*
                                               KARI A. DOOLEY
                                               UNITED STATES DISTRICT JUDGE